IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-3002-BO

WILLIAM MICHAEL HUGGINS,

    Plaintiff,

v.

OFFICER ROACH, et al.,

    Defendants.

**ORDER**

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Robert T. Numbers, II, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) [D.E. 32]. The court ADOPTS the M&R.

**BACKGROUND**

On January 5, 2015, Huggins, a state inmate confined at Nash Correctional Institution, filed a complaint pursuant to 42 U.S.C. § 1983 [D.E. 1]. He alleges that prison staff were deliberately indifferent to his need for medical care after defendant Roach, a Nash Correctional Officer, closed a high pressured door on him in September 2012, severely injuring his right shoulder. Id. at 3–5. On April 27, 2015, the court allowed Huggins to proceed with his claim of deliberate indifference against the defendants [D.E. 7]. On July 29, 2015, Huggins filed a Motion for Preliminary Injunction [D.E. 18], Motion for Temporary Restraining Order [D.E. 18-1], and Motion for Order to Show Cause [D.E. 18-3], requesting the court to enter its order requiring surgery to be performed on his shoulder. Subsequently, Huggins filed a motion to appoint counsel [D.E. 26] and a Motion to Set a Court Date for Trial or Settlement for Money Damages [D.E. 30].

On January 12, 2016, Judge Numbers entered an M&R and recommended that the court deny Huggins' motions for preliminary injunction, temporary restraining order, and order to show cause on the ground that Huggins had failed to make the "clear showing" that he is entitled to relief which is required for issuance of a preliminary injunction. M&R [D.E. 32] 5–6. On January 27, 2016, Huggins filed objections to the M&R [D.E 38].

In the M&R, Judge Numbers summarized the factual allegations as follows.

> In response to Huggins's complaints of pain, x-rays were taken of his shoulder on October 14, 2013, and November 18, 2013, and an M.R.I. of his shoulder was performed on January 17, 2014. See Mot. Prelim. Inj. at 2. Huggins states that the x-rays and M.R.I. revealed injury to the rotator cuff, joint separation, and torn ligaments in his right shoulder. In February 2014, Dr. Umishi prescribed pills for pain. Id.
>
> Huggins continued to complain of pain, and on June 6, 2014, Huggins was sent to Central Prison Hospital where he underwent arthroscopic surgery. However, Huggins states that the surgery did not relieve his pain. Id. He subsequently "expressed the need for proper medical surgery" to Dr. Umishi, who instead gave Huggins a shot of Predisone and prescribed pain pills. Id. at 3.
>
> Dissatisfied with Dr. Umishi's treatment of his injury, Huggins sought assistance from defendant Drew Stanley, Facility Superintendent, who did not help him, but rather "falsely informed the Grievance Board Commit[ee] that [Huggins's] severe injuries had been taken care of...." Id.
>
> Huggins next sought assistance from defendant Dennis Rowland, Assistant Superintendent of Programs, who, Huggins alleges, "neglected to compel[] Nash medical facility to provide proper medical assistance" to him, and similarly "falsely informed [the] Grievance Board Commit[tee] that [his] severe injuries had been taken care of...." Id.
>
> On December 22, 2014, after more complaints of pain and his right shoulder locking while in motion, prison staff took Huggins to Nash Orthopedic Center in Rocky Mount where Dr. Nelson took x-

2

rays. Dr. Nelson informed Huggins and the correctional officers that Huggins's injuries "were so severe that, [Dr. Nelson] ... was not qualified to perform the surgery [that was] needed." Id. at 4. Dr. Nelson gave Huggins a shot of Prednisone in his right shoulder for pain. Id.

> Huggins alleges that during subsequent sick call visits to Dr. Umishi, Dr. Umishi told Huggins that he would "get back with [Huggins] soon" but did not do so. Id. Huggins alleges that on June 25, 2015, he saw Dr. Umishi for shoulder pain and hoped that Dr. Umishi would recommend surgery. However, Dr. Umishi told Huggins he would "get back with him after he reviewed Dr. Nelson's x-rays that were taken on December 22, 2014," but never called Huggins back. Id.

M&R [D.E. 32] at 2–3.

## STANDARD OF REVIEW

"The Federal Magistrates Act requires a district court to make a *de novo* determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendations. Diamond, 416 F.3d at 315 (quotation omitted).

The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates the following: (1) "that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of

3

equities tips in his favor; and (4) that an injunction is in the public interest." <u>Winter v. Nat. Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008); <u>The Real Truth About Obama, Inc. v. Fed. Election Comm.</u>, 575 F.3d 342, 345 (4th Cir. 2009), <u>vacated on other grounds</u>, 559 U.S 1089 (2010), <u>reissued in relevant part</u>, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Injunctive relief, such as the issuance of a preliminary injunction, is an extraordinary remedy that may be awarded only upon a clear showing that the plaintiff is entitled to such relief. <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997); <u>see also</u> <u>MicroStrategy Inc. v. Motorola, Inc.</u>, 245 F.3d 335, 339 (4th Cir. 2001) (a preliminary injunction is an "extraordinary remed[y] involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances."). This is particularly true in a case such as this where the plaintiff seeks a preliminary injunction that is mandatory in nature instead of prohibitory. In such a circumstance, "a mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind." <u>Sun Microsystems, Inc. v. Microsoft Corp. (In re Microsoft Corp. Antitrust Litig.)</u>, 333 F.3d 517, 525 (4th Cir. 2003), <u>abrogated on other grounds by</u> <u>eBay, Inc. v. MercExchange, L.L.C.</u>, 547 U.S. 388 (2006).

## DISCUSSION

Judge Numbers recommended that the court deny Huggins' motions for preliminary injunction, temporary restraining order, and show cause order on the ground that the facts alleged by Huggins did not establish a "'clear showing' that Huggins will prevail in his § 1983 action." M&R [D.E. 32] at 5–6; <u>see also</u> <u>Winter.</u>, 555 U.S. at 20. Huggins argues that Judge Numbers "fail[ed] to distinguish which ... of the four prongs [of the test for a preliminary injunction] plaintiff

4

had failed to make a clear showing." Obj. [D.E. 38] 1. Clearly, however, Judge Numbers's conclusion was a finding that Huggins had failed to establish the first criterion identified in Winter—that in order to warrant issuance of a preliminary injunction a party must show "that he is likely to succeed on the merits [of his underlying action]." Winter, 555 U.S. at 20. Thus, this objection is overruled.

Next, Huggins argues that he is entitled to relief pursuant to the Supreme Court's decision in Lewis v. Casey, 518 U.S. 343 (1996). Obj. [D.E. 38] 2. Lewis involved the issue of prisoners' rights of access to the courts, and does not apply to Huggins' case. Therefore, this objection is overruled.

Third, Huggins objects to Judge Numbers' conclusion that there was no indication in the record that the defendants in this action have been deliberately indifferent to Huggins' medical needs. Obj. [D.E. 38] 2; see M&R [D.E. 32] 5. In order to sustain an Eighth Amendment claim, a prisoner must show (1) that the deprivation was objectively "sufficiently serious" so as to amount to a "denial of the minimal civilized measure of life's necessities," and (2) that the defendant was deliberately indifferent to the prisoner's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Huggins mistakenly contends that Judge Numbers "failed to define deliberate indifferents [sic] and how applied[.]" Obj. [D.E. 38] 2. In fact, Judge Numbers correctly defined deliberate indifference as a "showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the prisoner or that they actually knew of and ignored a prisoner's serious need for medical care." M&R [D.E. 32] 4–5; see Young v. City of Mt. Ranier, 238 F.3d 567, 575–76 (4th Cir. 2001). Huggins seeks surgery for his shoulder injuries. See e.g., Obj. [D.E. 38] 1; see also

5

Decl. Supp. Mot. Prelim. Inj. [D.E. 18-2] 2, ¶ 4; Proposed Order [D.E. 18-2] 1. However, an inmate is not entitled to choose his course of treatment, see Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam), and mere negligence or malpractice in diagnosis or treatment does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105–06 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998). In the context of prisoner medical care, the Constitution requires only that prisoners receive adequate medical care; a prisoner is not guaranteed his choice of treatment. See Goodman v. Johnson, 524 F. App'x 887, 889 (4th Cir. 2013).

Judge Numbers concluded that in light of the attention and medical care Huggins has received for his injury, there is no indication in the record that defendants have been deliberately indifferent to Huggins's medical needs. See M&R [D.E. 32] 5. Judge Numbers noted that Huggins has been provided medical treatment for his shoulder injury on numerous occasions in response to his complaints of pain: Huggins was initially treated by the prison physician who performed an M.R.I. of Huggins's shoulder, took x-rays showing the injuries, and prescribed pain medication; when Huggins continued to complain of pain, he was transported to Central Prison Hospital where arthroscopic surgery was performed; after the surgery, Huggins continued to complain of pain and the prison physician administered a shot of Prednisone and prescribed more pain medication; and when Huggins continued to complain of pain, prison staff transported him to Nash Orthopedic Center in Rocky Mount where medical providers took x-rays and administered another shot of Prednisone to his shoulder. Id.

Based upon the foregoing, Judge Numbers correctly concluded that Huggins has not established a "clear showing" that the defendants have "ignored [his] serious need for medical care." Young, 238 F.3d at 576.

6

Upon careful review of the record and the M&R, the court rejects Huggins' objections to the Memorandum and Recommendation and adopts the Recommendation.

## CONCLUSION

In sum, the court ADOPTS the Magistrate Judge's M&R [D.E. 32]. Huggins' objections [D.E. 38] are OVERRULED, and Huggins' motions for preliminary injunction [D.E. 18], temporary restraining order [D.E. 18-2], and order to show cause [D.E. 18-3] are DENIED. The court DENIES Huggins' request for counsel [D.E. 26] as moot because it has been previously denied, see [D.E. 7], and DENIES Huggins' Motion to Set a Court Date [D.E. 30] because it is inappropriate in light of defendants' pending motion for summary judgment [D.E. 33].

SO ORDERED. This 4 day of February 2016.

*[signature]*
TERRENCE W. BOYLE
United States District Judge