IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-3002-BO

| | | |
|---|---|---|
| WILLIAM MICHAEL HUGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| OFFICER ROACH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Order and Memorandum and Recommendation ("Order and M&R") of United States Magistrate Judge Robert T. Numbers, II, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b). D.E. 51. The court ADOPTS the Order and M&R.

**BACKGROUND**

On January 5, 2015, plaintiff William Michael Huggins ("Huggins"), a state inmate confined at the Nash Correctional Institution ("Nash CI"), proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 against Officer Roach, a Nash CI Correctional Officer; Drew Stanley, formerly Assistant Superintendent for Programs at Nash CI; and Dennis Rowland, formerly Assistant Superintendent at Nash CI. Complaint, Jan. 5, 2015, D.E. 1. Huggins alleged that defendants were deliberately indifferent to his need for medical care after defendant Roach closed a high pressured door on him in September 2012, severely injuring his right shoulder. Id. at 3–5. On April 27, 2015, the court conducted a frivolity review pursuant to 28 U.S.C. § 1915 and allowed the action to proceed. Order, D.E. 7.

1

The court entered a scheduling order requiring the parties to file all motions (except those relating to admissibility at trial) by December 8, 2015. D.E. 25. On November 16, 2015, Huggins filed his first Request for Production of Documents, seeking both written records of the incident giving rise to this suit and a transcript of any legal proceedings related to this case at which he was not present. D.E. 27 at 1. Defendants sought and received an extension of the dispositive motion deadline until January 22, 2016, to respond to this discovery. Motion for Extension of Time, Dec. 05, 2015, D.E. 28; Order Granting Motion for Extension of Time, Dec. 08, 2016, D.E. 31.[1]

On January 22, 2016, the defendants filed a motion for summary judgment (D.E. 33) accompanied by a memorandum in support of the motion (D.E. 34), statement of material facts (D.E. 35) and an appendix consisting of affidavits of defendants Roach (D.E. 36-1), Stanley (D.E. 36-2) and Rowland (D.E. 36-3), Nash Correctional Assistant Unit Manager Bryon Harris (D.E. 36-4), Nash Assistant Unit Manager Gary Stokley (D.E. 36-5) and North Carolina Department of Public Safety ("NCDPS") physician Dr. Joseph Umesi (D.E. 36-6). Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Huggins about defendants' motion for summary judgment, the consequences of failing to respond, and the response deadline. Roseboro Letter, Jan. 22, 2016, D.E. 37.

Huggins responded by requesting, pursuant to Rule 56(d), that the court delay ruling on the motion for summary judgment until he conducted additional discovery. Motion for Extension of Time to File Response, Feb. 10, 2016, D.E. 40. Pursuant to Rule 34, he also

---

[1] On February 5, 2016, the court adopted Judge Numbers' M&R denying Huggins' motions for a preliminary injunction (D.E. 18), for temporary restraining order (D.E. 18-1), and for order to show cause (D.E. 18-3), requesting the court to enter its order requiring surgery to be performed on his shoulder. See Order Adopting M&R, Feb. 05, 2016, D.E. 39.

2

requested that defendants produce, among other things, video footage of the incident, his medical records, and his prison records (D.E. 42), which the court construed as a motion to amend the scheduling order to allow additional time for discovery. Defendants opposed the Rule 56(d) motion and contended that additional discovery should not be allowed because the discovery period closed long ago. D.E. 41. Additionally, defendants represented that the video Huggins sought does not exist and that relevant medical records were provided with the documents submitted in support of their summary judgment. Id. Thereafter, Huggins filed an affidavit in opposition to the defendants' summary judgment motion (D.E. 44), together with documents in support of the response (D.E. 44-1).[2]

On August 1, 2016, Judge Numbers entered an Order and M&R denying Huggins' motions both to delay consideration of the motion for summary judgment (D.E. 40) and to amend the scheduling order (D.E. 42) and recommending that the court grant defendants' motion for summary judgment (D.E. 33). See D.E. 51 at 14–15. On August 19, 2016, Huggins filed objections to the Order and M&R. D.E. 52. Huggins also filed another motion for discovery and third request for production of documents on September 15, 2016. See D.E. 53. This motion seeks records from Huggins's May 20, 2016 surgery. Id.

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a *de novo* determination of those portions of the magistrate judge's report or specified proposed findings or

---

[2] When the district court conducted a frivolity review pursuant to 28 U.S.C. § 1915, the court identified the sole issue in the case as "deliberate indifference to a serious medical condition in violation of the Eighth Amendment[,]" and it allowed Huggins to "proceed with his claim of deliberate indifference against the defendants." D.E. 7 at 2, 5. However, at summary judgment, both parties briefed whether Roach violated Huggins's Eighth Amendment rights by intentionally closing a cell block door on him. Judge Numbers addressed this additional issue as well. See D.E. 51 at 1.

3

recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. 636(b). Absent a timely objection, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the Order and M&R, the record, and the pleadings.

Huggins first objects to the Order and M&R on the ground that Judge Numbers granted defendants' motion for summary judgment where facts are in dispute. D.E. 52 at 2–3. However, Judge Numbers concluded that although the parties disagree on the circumstances that led up to the door striking Huggins, only two conflicts "could give rise to a genuine issue of material fact that could preclude summary judgment: whether Roach could have stopped the cell block door from closing on Huggins after initiating the closing process and whether Huggins was reading a document while walking through the cell block door." D.E. 51 at 12. Judge Numbers concluded that "neither issue require[d] the court to deny the Defendants' motion." Id.

As to whether Roach could have stopped the door, defendants' evidence shows "that the cell block doors are set up so that once the closing process has started, it cannot be stopped." Id. (citing Roach Aff. ¶ 8, D.E. 36-1). Huggins contends that "the door could have been stopped or reversed at any time by [Roach], but was not." Huggins Aff. ¶ 11, D.E. 44. Judge Numbers found that "[u]nlike the prison staff, who work with these doors on a regular basis, Huggins does not explain how he became aware of the manner in which the doors are operated." D.E. 51 at 12. Because Huggins does not "explain[] the basis for his knowledge of the operation of the doors," Judge Numbers concluded that Huggins' statement "is merely speculation on Huggins's part."

4

Id. As "[m]ere speculation by the non-moving party cannot create a genuine issue of material fact[,]" Cox v. Cty. of Prince William, 249 F.3d 295, 299 (4th Cir. 2001), Judge Numbers correctly found that Huggins' "assertion does not preclude a finding of summary judgment in Roach's favor." D.E. 51 at 12. Huggins cannot speculate on how the door works. He must instead provide some basis for his assertion on how the door works. Because he does not, his claim cannot stand.

As to the dispute over whether Huggins was reading at the time the door closed, Judge Numbers further concluded that because "the dispute over whether Huggins was reading a document before attempting to enter the cell block does not impact the outcome of the case under the applicable law, it does not create a genuine issue of material fact." D.E. 51 at 13. Although Assistant Unit Manager Harris asserts "that the video of the incident shows Huggins standing in front of the open doorway reading a document prior to passing through the doorway," what matters is "Roach's state of mind when she closed the door," not what Harris claims to have seen in the video. D.E. 51 at 12 (citing Huggins Aff. ¶ 9). "Roach's affidavit makes no mention of Huggins reading a document." D.E. 51 at 13. "[I]nstead, she claims that she observed Huggins remain in the sally port area behind for a few moments, determined that he did not want to enter the cell block, and pressed the button to close the door. D.E. 51 at 13 (citing Roach Aff. ¶ 9). Judge Numbers correctly concluded that "Huggins has not presented any evidence calling Roach's version of events into question." D.E. 51 at 13. Thus, the court overrules this objection.

Additionally, Huggins' further assertion that Judge Numbers made no determination as to whether the defendants took appropriate steps to preserve the video, see (D.E. 52 at 3), is

5

likewise rejected because it is not dispositive of the issue in this case since it will not reveal Roach's state of mind when she closed the door.

Next, Huggins objects to Judge Numbers' conclusion that the defendants were not deliberately indifferent to his serious medical need, arguing that Dr. Umesi misdiagnosed his shoulder injury which came from a chronic weightlifting accident and arthritis. See D.E. 52 at 3–4.

As Judge Numbers noted, (D.E. 51 at 14), none of the named defendants are health care providers. See Roach Aff. ¶ 5; Stanley Aff. ¶¶ 5, 8; Rowland Aff. ¶¶ 6, 10. But even if they were or even if Huggins had named Dr. Umesi as a defendant, his claim would still fail.

"A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment" or § 1983. Estelle v. Gamble, 429 U.S. 97, 106–07 (1976). In order to find a prison official liable under the Eighth Amendment, "the official [must] know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994); see also Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd sub nom. Stokes v. Brown, 535 F.2d 1250 (4th Cir. 1976); see also Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). "The prisoner's right is to medical care—not to the type or scope of medical care which he personally desires." Stokes, 393 F. Supp. at 763. Therefore, "[d]isagreements between an inmate and a physician over the inmate's

proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Huggins argues that Dr. Umesi's diagnosis is "proven wrong" based on the fact that on May 20, 2016 he underwent major surgery on his shoulder, performed by Dr. Gemesh Kemath at [UNC] Hospital. See D.E. 52 at 4. Huggins argues that the delay in getting the surgery for his shoulder has caused him continued pain and that Dr. Kemath has advised him that "with five months physical therapy," the injury "may take a year to heal." Id.; see also id. at 1–2.

However, defendants' evidence establishes that Huggins was seen and regularly treated by medical professionals after the incident where the door closed on his shoulder. Between September 2012 and January 2015, Huggins saw two different physicians (a mid-level provider (PA) and an orthopedist), received different types of pain management and several courses of physical therapy, and had a surgical procedure. See Umesi Aff., ¶ 15, Jan. 22, 2016, D.E. 36-6. Dr. Umesi provided Huggins with pain medication, recommended physical therapy, administered therapeutic joint injections, and changed and increased Huggins' pain medications. Huggins was provided surgical intervention, and Dr. Umesi saw Huggins for a post-surgery appointment and prescribed antibiotics to prevent a potential infection at the surgical site. Id. at ¶¶ 7–14.

The evidence fails to show that the defendants disregarded Huggins' need for medical treatment of his shoulder. Thus, even if Dr. Umesi was mistaken in his diagnosis, this misdiagnosis is inadequate to state a claim of deliberate indifference to serious medical needs. Accordingly, this objection is overruled.

Next, Huggins argues that Judge Numbers erred in denying his motion to reopen discovery. See D.E. 52 at 5. Judge Numbers concluded that Huggins had failed to make the necessary showing of "good cause" to reopen the discovery. D.E. 51 at 8.

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The Fourth Circuit explained that "after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008). "The touchstone of 'good cause' under Federal Rule of Civil Procedure 16(b) is *diligence.*" Blackwell v. City of Concord, No. 1:11-CV-328, 2013 WL 395107, at * 3 (M.D.N.C. Jan. 31, 2013) (quoting Marcum v. Zimmer, 163 F.R.D. 250, 255 (S.D.W.Va. 1995)) (internal brackets omitted). In the case of a late discovery request, the "movant must demonstrate that the reasons for the tardiness of his motion justify a departure from the rules set by the court in its scheduling order." Taylor v. McGill Envtl. Sys. of N.C., Inc., No. 7:13-CV-270-D, 2015 WL 1125108, at *5 (E.D.N.C. Mar. 12, 2015) (quoting United States v. Godwin, 247 F.R.D. 503, 506 (E.D.N.C. 2007)) (internal quotations omitted). Good cause exists where "evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed." Godwin, 247 F.R.D. at 506 (quoting Interstate Narrow Fabrics, Inc. v. Century USA, Inc., 218 F.R.D. 455, 460 (M.D.N.C. 2003)). A failure to show good cause ends the court's inquiry. United States v. $307,970.00 in U.S. Currency, No. 4:12-CV-136-FL, 2013 WL 2251209, at *3 (E.D.N.C. May 22, 2013). Pro se movants are not exempt from this requirement. See Alston v. Becton, Dickinson & Co., No. 1:12-CV-452, 2014 WL 338804, at *2–3 (M.D.N.C. Jan. 30, 2014).

Huggins claims that the discovery he sought and obtained was "incomplete" and that past medical records "were . . . needed to present to [the] court for making [a] fair decision by the court." D.E. 52 at 5. However, as Judge Numbers found, Huggins has failed either "to demonstrate that he was reasonably diligent in pursuit of the discovery he now seeks" or "to offer any information that might otherwise justify his tardiness." D.E. 51 at 8. This objection is overruled.

Additionally, as noted above, Huggins has filed another discovery motion. See D.E. 53. The motion seeks records relating to Huggins's May 20, 2016 surgery and subsequent care. Id. The court construes this most recent motion as an objection to Judge Numbers's finding that he has failed to demonstrate "good cause" to reopen discovery. For the reasons stated above, the motion is denied.

Next, Huggins argues that Judge Numbers erred in denying his request to delay ruling on defendants' motion for summary judgment until he obtains video from the prison which, he argues, constitutes his "primary source of evidence." D.E. 52 at 5.

Rule 56(d) provides that a court defer ruling on a motion for summary judgment or deny the motion outright if the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . ." Fed. R. Civ. P. 56(d). Courts broadly favor and liberally grant Rule 56(d) motions. McCray v. Md. Dep't of Transp., 741 F.3d 480, 484 (4th Cir. 2014). However, the non-moving party must comply with Rule 56(d) of the Federal Rules of Civil Procedure by submitting to the court an affidavit particularly "set[ting] out the reasons for discovery" or otherwise "adequately inform[ing] the district court that the motion [for summary judgment] is pre-mature and that more discovery is necessary."

9

Nadar v. Blair, 549 F.3d 953, 961 (4th Cir. 2008). The non-moving party must also demonstrate that the information sought would be "sufficient to create a genuine issue of material fact such that it would have defeated summary judgment." Strag v. Bd. of Trs., Craven Cmty. Coll., 55 F.3d 943, 954 (4th Cir. 1995). Even if the non-moving party complies with Rule 56(d) and demonstrates that the information sought would create a genuine issue of material fact, he "do[es] not qualify for Rule 56(d) protection where [he] had the opportunity to discover evidence but chose not to." McCray, 741 F.3d at 484.

As stated, the defendants represent that the requested video of the incident no longer exists. Thus, as Judge Numbers correctly found, "additional discovery would not provide the parties or the court with any additional evidence." D.E. 51 at 10. Moreover, as shown herein, the video is not relevant to defendant Roach's state of mind. Huggins has failed to demonstrate that additional discovery would provide information that would create a genuine issue of material fact that would defeat summary judgment. See Strag, 55 F.3d at 954. Thus, this objection is overruled.

Next, Huggins argues that Judge Numbers erred in finding that none of the defendants are health care providers. D.E. 52 at 6. Huggins argues that even though the defendants are not health care providers, they "knew of and ignored [his] serious medical needs." Id. As stated, the evidence shows that Huggins received substantial attention to his shoulder injury by medical professionals. Huggins has failed to show that the defendants ignored his serious medical need, and this objection is overruled.

Finally, Huggins argues that the court's order allowing him to proceed with his claim of deliberate indifference, see (D.E. 7), shows that his claim has merit. D.E. 52 at 6. However, the

10

court's order allowing the claim to proceed was not a ruling on the merits of the claim. Rather, 28 U.S.C. § 1915 requires that courts review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). The fact that Huggins' complaint survived frivolity review does not mean that he will ultimately prevail on the merits of his claims. See Sconci v. Brame, No. 5:13-CT-3234-F, 2014 WL 2895009, at *1, E.D.N.C. June 25, 2014). This objection is overruled.

Upon careful review of the record and the Order and M&R, the court rejects Huggins' objections to the Order and M&R and adopts the Recommendation. Huggins's motion for discovery (D.E. 53) is denied.

SO ORDERED. This 16 day of September, 2016.

TERRENCE W. BOYLE
United States District Judge